UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:12CV-P12-R

DARCY PERKINS
A/K/A DARNELL PERKINS                                                               PLAINTIFF

v.

LARRY CHANDLER                                                                      DEFENDANT

## MEMORANDUM OPINION

Plaintiff Darcy Perkins, an inmate at the Kentucky State Penitentiary, initiated this action by filing a letter with the Court referencing habeas corpus, indicating that Larry Chandler held him against his will in segregation, mentioning denial of parole, and alleging violation of his constitutional rights. Because it was unclear whether Plaintiff intended to file a petition for writ of habeas corpus or a civil-rights action pursuant to 42 U.S.C. § 1983, the Court entered an Order dated March 7, 2012, directing Plaintiff to clarify the type of action(s) he seeks to file by completing and returning his complaint/petition on a Court-supplied form(s). Plaintiff was warned that his failure to comply within 30 days could result in dismissal of the action.

Well over 30 days have passed without any response by Plaintiff. Rule 41(b) of the Federal Rules of Civil Procedure authorizes the involuntary dismissal of an action if a plaintiff fails to prosecute or to comply with an order of the court. *See Jourdan v. Jabe*, 951 F.2d 108, 109 (6th Cir. 1991) ("Fed. R. Civ. P. 41(b) recognizes the power of the district court to enter a *sua sponte* order of dismissal."). Additionally, courts have inherent power "acting on their own initiative, to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (1962).

Although federal courts afford *pro se* litigants some leniency on matters that require legal sophistication, such as formal pleading rules, the same policy does not support leniency from court deadlines and other procedures readily understood by laypersons, particularly where there is a pattern of delay or failure to pursue a case. *See Jourdan*, 951 F.2d at 110.

      Because Plaintiff failed to comply with an Order of this Court, the Court concludes that he has abandoned any interest in prosecuting this action.

      Therefore, by separate Order, the Court will dismiss the instant action.

Date:

cc:    Plaintiff, *pro se*
4413.005